The E.W. BUSCHMAN COMPANY,
Petitioner, Cross Respondent,

v.

The NATIONAL LABOR RELATIONS BOARD, Respondent, Cross Petitioner.

Nos. 85–6009, 85–6146.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 22, 1986.

Decided June 5, 1987.

finances, with respect to a pending grievance concerning the discontinuance of Christmas bonuses, unless the union agreed to keep the information confidential. The union refused to agree to maintain the confidentiality of the information. The National Labor Relations Board ("Board") regional director filed a complaint alleging that the company refused to bargain in good faith because it failed to furnish the requested information. The Board upheld the complaint and now applies for enforcement of its order. The company asks us to review and vacate the Board's decision.

We hold that the information here, the essence of the financial condition and prospects of a troubled company engaged in financial negotiations, is so obviously confidential that the Board should not have required its production without a careful consideration of whether the union's need for the data vitiated the proposed maintenance of its confidential status. Accordingly, we vacate the Board's decision.

## I.

On December 6, 1984, E.W. Buschman Company informed all of its employees in a letter included with their paychecks that the company could not pay its traditional Christmas bonus because of cash flow problems.[1] According to the Company's executive vice president, Buschman was experiencing financial difficulties due to a problem with a recent loan and an abnormally low cash flow. He relayed this information to union officials, amplifying the financial travail by reference also to delivery and inventory problems. He explained that Buschman was suspending dividend payments to stockholders and was making only duly prescribed minimum payments to the Pension Fund for non-bargaining unit employees. Union officials objected to the suspension of the Christmas bonus and re-

James L. Childress, William K. Engeman (argued), Taft, Stettinius and Hollister, Cincinnati, Ohio, for petitioner, cross respondent.

Elliott Moore, Deputy Associate General Counsel, N.L.R.B., Washington, D.C., Margaret Bezou (argued), Suzanne Stocking, Emil C. Farkas, Regional Director, Region 9, N.L.R.B., Cincinnati, Ohio, for respondent, cross petitioner.

Before WELLFORD, MILBURN and BOGGS, Circuit Judges.

BOGGS, Circuit Judge.

E.W. Buschman Company ("company") refused to provide its union with confidential financial information on the company

---

**1.** The expectation of a bonus was based on the company handbook, which stated: "We intend to continue this bonus each year and with your full cooperation in giving a day's work for a day's pay, you are insuring yourself of receiving this at Christmas time." The Christmas bonus was affirmed through the execution of letters of understanding, memorializing the employer's intent to pay them. These letters were addenda to the collective bargaining agreement. *E.W. Buschman Company,* 277 N.L.R.B. No. 21, 120 L.R.R.M. 1253 (October 31, 1985).

ferred to other recent expenditures made by the Company.

Also on December 6, the union requested certain financial information "to intelligently present the company's position to the membership." The requested information included complete financial statements, including disbursements and revenues, for the last month or quarter of 1984, and projections for the first quarter of 1985. The union also asked for detailed financial information on all work in hand, and all work to be bid on.

The union filed a grievance with respect to the failure to pay the Christmas bonus, on December 11, 1985. Thereafter, on December 19, the union also asked for all 1984 daily production records and a 1984 profit and loss statement in addition to the previous information.

The company rejected the grievance on December 27, 1984, and on January 8, 1985, the union notified the company that it intended to press the grievance to arbitration. Three days later, on January 11, 1985, the union filed a charge with the Board. While the charge was pending, representations and negotiations with regard to the requested financial information continued.

On February 5, counsel for the company wrote to Sturgill, the union business agent and representative in this matter, offering to turn over the requested information. The offer was conditioned, in the terms of a draft confidentiality agreement enclosed with the letter, on an agreement that the union would not disclose the information and that any violation of the agreement would constitute irreparable injury restrainable by injunction. Sturgill refused, by letter of February 19, and the regional director filed his complaint the same day, alleging violations of Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act. Several additional letters were exchanged, with no change in the position of either side. The matter was referred to an administrative law judge for a hearing.

The administrative law judge's decision found that the information requested was material to the bargaining process, and was the type of information that should be disclosed. He found further that the employer had the burden to show why the information should not be disclosed, and that the company must show that it acted in good faith. The administrative law judge based his decision against the employer in this case on the finding that the company made no representations supporting its claim of confidentiality beyond the obviously sensitive nature of complete financial data on the company during a period of financial negotiations. The Board approved the administrative law judge's opinion and adopted the recommended order.

The company contends that the burden of proof is on the union and the Board to show that a claim of confidentiality is being made in bad faith and in the absence of such a showing, that enforcement of the order should be denied.

## II.

■ The general rule that a union is entitled to information relevant to the bargaining process depends on the circumstances of each case. *Detroit Edison Co. v. NLRB,* 440 U.S. 301, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979). A proposed restriction on information must not be proposed in a spirit of bad faith refusal to bargain, and a restricted disclosure offered in good faith may satisfy the duty to disclose, depending on the circumstances. *Id.* at 314–15, 99 S.Ct. at 1130–31. *See also New Jersey Bell Telephone Co. v. NLRB,* 720 F.2d 789 (3d Cir.1983). In this case, we are not asked to pass on the ultimate question of the exact degree of confidentiality that should be required of the employer under these circumstances. Rather, we must determine whether the company's actions in pressing its claims of confidentiality amounted to a refusal to bargain in good faith.

In *NLRB v. St. Joseph's Hospital,* 755 F.2d 260 (2d Cir.), *cert. denied, sub. nom. New York State Nurses Ass'n v. St. Joseph's Hospital,* — U.S. ——, 106 S.Ct. 87, 88 L.Ed.2d 71 (1985), the Second Circuit held that a company's insistence on the

qualifications of a union auditor who would be permitted to see the company's books was not a refusal to bargain in good faith. It emphasized that "the hospital's concern[s] ... were legitimate and substantial," though it also noted the unreasonableness of the union's insistence that it could appoint anyone to audit the company records. *Id.* at 265. It also cited *Shell Oil Co. v. NLRB,* 457 F.2d 615, 620 (9th Cir. 1972) for the proposition that "[p]resentation of bona fide concerns by the company, coupled with reasonable proposals designed to satisfy the needs of the union and to achieve a mutually satisfactory resolution of the union request, is simply not a refusal to bargain."

Our situation is not exactly the same as either of these cases. The union did not adamantly refuse to discuss management concerns as in *St. Joseph's,* nor do we find the company's proposals conclusively reasonable, as did the court in *Shell Oil.* Nonetheless, it is clear that the company did present facially legitimate reasons for its refusal to hand over the requested material at once.[2]

 We hold that an unfair labor practice charge is not made out where a company offers a facially reasonable accommodation in a situation involving the release of allegedly confidential information, and where no finding is made that the conditions offered were unreasonable or were only a pretext for a refusal to advance the bargaining process. *See generally Soule Glass & Glazing Co. v. NLRB,* 652 F.2d 1055, 1098 (1st Cir.1981); *see also NLRB v. Holyoke Water Power Co.,* 778 F.2d 49, 52 (1st Cir.1985). It is not sufficient for the Board simply to find that the company did not introduce additional evidence to prove the reasonableness of its offer. We therefore hold that the NLRB's order should not be enforced with regard to the allegedly confidential information, but should instead be vacated.

With regard to the requested information on job and productivity records of individual employees, the company has never relied on any lack of employee diligence to justify its refusal to give the bonus. Thus, the records sought, even if they exist, could not help the union in carrying out its bargaining duties with respect to the issue of the bonus. The company cannot be held to have committed an unfair labor practice by failing to produce records that were not relevant to the dispute at hand.

Therefore, application for enforcement of the Board's order is DENIED, and the order of the Board is VACATED.

2. While the burden of showing a proper confidentiality claim has been held to rest upon the employer in a bargaining context, it is evident that Buschman's financial straits at the time were a legitimate basis for its concern about the confidentiality of the substantial financial information sought by the Union. There was no indication that Buschman's posture on confidentiality was taken to frustrate the Union as employee representative. *See NLRB v. Pfizer, Inc.,* 763 F.2d 887, 891 (7th Cir.1985).